## LAW AND CHANCERY COURT OF THE CITY OF NORFOLK

Norfolk Wholesale Floral Corp.

v.

Fraim

July 15, 1968

Case No. (Law) 4084

By JUDGE J. SYDNEY SMITH, JR.

In the case at bar, it appears from the records of this court and of the Circuit Court of the City of Norfolk (ended File No. 3937-C) that both warrants involved in these proceedings were issued on December 14, 1967, returnable before the Civil Justice of the City of Norfolk on December 27, 1967. One warrant for $791.52 was removed to the said Circuit Court on December 27, 1967; and the other for $1,536.54 was removed to this court (Court of Law and Chancery) on the same date.

Judgment was entered in the Circuit Court in favor of said plaintiff against said defendant on May 3, 1968, for said amount of $791.52, it appearing from the order entered in said Court on that date that while defendant at that time was indebted to plaintiff in the sum of $2,328.06, plaintiff having only sued in the Circuit Court (on the warrant that had been removed to that court from the Civil Justice Court) for $791.52, it was only entitled to recover that amount in that proceeding in the Circuit Court.

From the testimony heard ore tenus on May 24, 1968, in the case at bar, plaintiff admitted that at the time that the two warrants were issued the defendant was indebted to the plaintiff in an amount equal to the total of the two warrants, namely $2,328.06, and that the two

warrants were issued separately in order to bring each warrant within the jurisdiction of the Civil Justice.

The rule is settled in Virginia, as in most other jurisdictions, that a single or entire cause of action may not be divided or split so as to make it the subject of several actions, *without the express or implied consent of the person against whom the cause of action arose.* If an action is brought for a part of the cause of action, a judgment obtained in that proceeding precludes the plaintiff from recovering a second judgment for the residue of that cause of action, and a running account generally constitutes but one cause of action, and cannot be divided into separate claims so as to provide a basis for several actions.

However, the rule is equally well settled that since such rule is for the protection of the defendant in preventing a multiplicity of suits, the defendant may expressly or impliedly, by conduct or otherwise, waive the rights that he might otherwise be entitled to assert under such rule of law. *Deal* v. *Nix & Son, Inc.*, 206 Va. 57, 60 (1965).

In the case at bar the defendant did not raise the defense of the splitting of the cause of action in the Civil Justice Court; by removing one warrant to the Circuit Court and the other warrant to the Court of Law and Chancery, the defendant voluntarily elected to defend the two warrants separately and to compel separate trails, rather than remove both warrants to the same court and raise this question, whereupon the court could have required the two cases to be consolidated for trial as was done in the case of *Deal* v. *Nix & Son, Inc., supra,* page 59.

Under this procedure, which the defendant elected not to permit, the defendant could have had the entire question of liability determined at one time and in one proceeding.

Under the circumstances, it is the conclusion of the court, after a careful consideration of the arguments and of the memorandums of counsel, that the defendant has waived, and is estopped from relying upon, the rights that she now attempts to assert under paragraph 3 of her Answer and under her plea of res judicata, and that paragraph 3 of said Answer and said plea of res judicata should be overruled.